

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,275

**FABIAN HERNANDEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL
### FROM CAUSE NO. 20060D05825 IN THE 346TH DISTRICT COURT
### EL PASO COUNTY

KELLER, P.J., filed a concurring opinion in which JOHNSON, COCHRAN, and ALCALÁ, JJ., joined.

In point of error twelve, appellant contends that the trial judge erred in refusing to allow him to put on testimony that the victim used cocaine and marijuana and that she engaged in "three-way" sex with appellant and other men. This looks like negative victim-character evidence, and as negative victim-character evidence, I think it would be inadmissible. But it is also evidence of motive. And while most people might not find that it would mitigate against a sentence of death,

I believe it is the kind of evidence that a juror could find mitigating. For this reason, I believe that the trial court erred in excluding it under Rule 403.

As the Court has set out, evidence was introduced to show that appellant and the victim had a tumultuous relationship. The jury heard testimony that the victim insulted, embarrassed, and humiliated appellant in front of his family, that she ridiculed him, and that she physically assaulted him in front of his family and children. The jury also heard evidence that the victim abused alcohol and that, when she became intoxicated, she "would be all over the guys."

In addition to this evidence outlined in the Court's opinion, the jury also heard the results of a toxicology test that detected the presence of alcohol in the victim's system but did not reveal the presence of any illegal drugs. The medical examiner testified that it takes about two days for cocaine to clear the body and up to four weeks for marijuana to do so.

Appellant sought to introduce evidence that the victim regularly used cocaine and marijuana and that she pressured appellant to engage in three-way sexual encounters with her and other men. He elicited the substance of this testimony from four witnesses in hearings on bills of exceptions. Appellant's sister testified that in the months before her death, the victim was using cocaine all day, every day and that this usage was causing her and appellant to have financial problems. A female friend of appellant's testified that the victim had a cocaine addiction that was causing problems with the victim's marriage. This friend agreed with defense counsel that there was a lot of fighting between the victim and appellant "and that the marriage was just breaking down because of the cocaine." The friend also testified that the victim often smoked marijuana. Two male witnesses testified that the victim used cocaine and solicited their participation in three-way sexual encounters with her and appellant. One of the male witnesses testified that appellant was "shy about the

situation." The other male witness also agreed with defense counsel that the victim expected appellant to purchase cocaine for her.

This evidence is not like the victim-character evidence that was held to be inadmissible in *Goff*[1] and *Hayden*.[2] In *Goff*, the defendant sought to introduce evidence that the victim was a homosexual.[3] In *Hayden*, the defendant sought to introduce evidence that the victim was a registered sex offender.[4] In both of those cases, there was no evidence that the defendant was even aware of the victim's character trait or status at the time the crime was committed, and so the trait or status had no relevance to the punishment issues.[5] But according to appellant's evidence in this case, not only was he aware of the victim's drug abuse and sexual behavior, but his relationship with the victim was being negatively impacted by that conduct.

The marijuana evidence could be viewed as less centrally relevant. Only one of the witnesses testified about it, the witness did not testify that the use of marijuana was a cause of problems in the marriage, and the autopsy results, if believed, suggested that the victim might not have used

---

[1] *Goff v. State*, 931 S.W.2d 537 (Tex. Crim. App. 1996).

[2] *Hayden v. State*, 296 S.W.3d 549 (Tex. Crim. App. 2009).

[3] 931 S.W.2d at 554 (plurality op.).

[4] 296 S.W.3d at 553.

[5] *See Goff*, 931 S.W.2d at 555 (plurality op.) ("We first note that the evidence of the victim's homosexuality was not relevant to any of the special issues because, as stated in point of error twenty-two, appellant was not aware of the victim's homosexuality at the time of the offense nor was it related to the offense in any way. . . . [I]t cannot be said that the evidence of the victim's homosexuality is relevant to *appellant's* background, character, or the circumstances of the crime."); *Hayden*, 296 S.W.3d at 553-54 ("As in *Goff*, where the evidence of the victim's homosexuality was not relevant to the defendant's sentence, Kimball's status was not relevant to the circumstances of the crime because Hayden did not present any evidence showing that she was aware of Kimball's past.").

marijuana for a month. But all four witnesses testified about the victim's heavy use of cocaine and three of them testified about that usage affecting the marriage, not just from the effects of cocaine on the victim's conduct but also from the financial drain that it was causing.

Rule 403 permits a trial judge to exclude evidence when "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by consideration of undue delay, or needless presentation of cumulative evidence."[6] The rule does not allow exclusion of evidence simply because it creates prejudice; the prejudice must be "unfair."[7] Prejudice is unfair when the evidence has the potential to impress the jury in an irrational way.[8] Moreover, before evidence may be excluded, the rule requires that the probative value of the evidence be substantially outweighed by the danger of unfair prejudice.

This case involves a husband murdering both his wife and someone who might have been her boyfriend. Evidence of the relationship between appellant and his wife was logically relevant to the special issues. It is true that the jury had some evidence of a tumultuous marriage, abuse of appellant by the victim, and the victim's alcohol abuse as a possible cause. But from the evidence appellant sought to offer, a jury could rationally infer that the marriage was more tumultuous, and the victim's behavior more abusive, as a result of cocaine use than would be true from the abuse of alcohol alone. And testimony regarding the cocaine use revealed the resulting financial problems

---

[6] TEX. R. EVID. 403.

[7] *Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010)

[8] *Id.*

of which the jury was unaware.[9]  Moreover, the toxicology report could have been viewed as some evidence that the victim did *not* use illegal drugs.  Although appellant elicited testimony that cocaine disappears from the body in two days, the jury rationally could have expected appellant to introduce evidence that the victim used cocaine, if such were in fact the case.  But unbeknownst to the jury, the trial court had excluded such evidence.

The exclusion of appellant's proffered evidence should not be upheld simply on the basis that the jury already had some information about the bad relationship between appellant and the victim and about the victim's bad behavior toward appellant.  Appellant was entitled to have the jury understand the entirety of the relationship.  The more tumultuous the relationship, the worse the victim behaved toward appellant, the more probative the evidence was to show that the defendant's crime, for the purpose of the future-dangerousness issue, was an aberration, or for the mitigation issue, that appellant was less morally culpable.  Even if it could be said that the need for the excluded evidence was reduced by the evidence that the jury had already heard, it cannot be said that the probative value of the excluded evidence was *substantially* outweighed by the danger of unfair prejudice.[10]  At a minimum, the trial court abused its discretion in excluding the cocaine evidence.  Arguably, the trial court also erred in excluding the evidence of three-way sexual encounters and the marijuana consumption.

---

[9]  Further, appellant's proffered evidence that the victim engaged in three-way sex practices and at least some testimony that the defendant was uncomfortable with the situation was an additional fact about the relationship that the jury did not know.

[10]  And in conducting the probative value versus prejudice balancing inquiry under Rule 403 balancing, we should keep in mind the special significance attached by the Supreme Court to mitigating circumstances in death penalty cases.  *See Tennard v. Dretke*, 542 U.S. 274, 284-285 (2004) (discussing the "low threshold" of relevance for mitigating evidence in a death penalty case).

Nevertheless, for four reasons, I conclude that the error in excluding the cocaine evidence, and the possible error in excluding appellant's other proffered evidence, was harmless. First, appellant had a girlfriend at the time of the murders, so he could hardly have been outraged by the mere fact that his wife may have been dating Fonseca, and as a result, appellant's proffered mitigating evidence cannot be said to be mitigating with respect to killing Fonseca. Second, appellant was a member of a violent prison gang that was associated with dealing drugs. Third, appellant had a prior conviction for voluntary manslaughter in New Mexico for a shooting that was gang-related. Finally, the State introduced evidence that appellant attempted to use his gang connections to kill two persons who would be witnesses in his upcoming capital-murder trial. Appellant is not a person who suddenly "snapped" under the pressure of a bad relationship with and abuse from his wife. Rather, the evidence shows that appellant is a gang member and a killer. He has killed before, he killed the victims for whom he is on trial, and he tried to have two more people killed to prevent them from testifying at his trial. Under these circumstances I am convinced beyond a reasonable doubt that the trial judge's exclusion of the evidence made no contribution to the jury's answers to the punishment special issues.[11]

With these comments, I concur only in the Court's judgment.

Filed: November 21, 2012
Publish

---

[11] Because of Eighth Amendment considerations, a constitutional harm analysis must apply to the erroneous exclusion of relevant mitigating evidence that a defendant seeks to offer at the punishment phase of a death-penalty case. *See Tennard*, *supra*; *Penry v. Lynaugh*, 492 U.S. 302, 318-19 (1989); *Eddings v. Oklahoma*, 455 U.S. 104, 110-12 (1982).